DECISION
Plaintiffs appealed to this court seeking farm use special assessment from 1994 to 2009. Defendant granted farm use special assessment for the 2009-10 tax year, but requested that the court dismiss the earlier years.
The court discussed the appeal with the parties at a case management conference on January 20, 2010. Plaintiffs appeared on their own behalf. Defendant was represented by John Cacka, Farm and Forrest Appraiser, Jackson County Assessor's Office.
 I. STATEMENT OF FACTS
Plaintiffs bought the subject property, identified as Account 10532078 (354W15-2500), in 1994. The property is in an exclusive farm use (EFU) zone. Plaintiffs assert they began farming the land as lessees six years prior to their purchase. Plaintiffs state they have continued to farm the land from that time to the present. Plaintiffs have not filed federal Schedule Fs reporting any farming income. Plaintiffs state they raise a few head of cattle, plus grow some hay that they feed to their cattle.
At some point more recently, Plaintiffs talked with neighbors and discovered they were paying considerably higher taxes on 3.29 acres they employed for farming. Plaintiffs had assumed everyone in their area was taxed similarly, as they and most of their neighbors are *Page 2 
involved in some type of farming. Plaintiffs contacted Defendant (presumably in 2009) and learned that they were being taxed at "regular" values as opposed to farm use specially assessed values because Defendant was not aware they were farming their land. Defendant requested, and Plaintiffs provided, information on their farming activity, and Defendant granted special assessment to 3.29 acres of Plaintiffs' land for the 2009-10 tax year. Plaintiffs would like that reduced special assessment to be retroactive to the time of their purchase in 1994.[1] Defendant responds that there is no legal authority for granting special assessment for prior years, and asked the court to dismiss Plaintiffs' appeal.
 II. ANALYSIS
Under ORS 308A.062, [2] any land in an EFU zone "used exclusively for farm use shall qualify for farm use special assessment." The law does not require the property owner to file an application for special assessment for EFU zoned land. However, unless the property owner notifies the assessor that the land is being farmed and qualifies for special assessment, the assessor has no way of knowing that the taxpayer desires special assessment, or whether the property qualifies (i.e., is "used exclusively for farm use"). That is what happened in this case; Plaintiffs did not apply for special assessment or otherwise notify the assessor that they desired special assessment. As a result, Defendant was unaware of Plaintiffs' situation.
However, Plaintiffs have a more fundamental problem. In order to appeal to the Magistrate Division of the Oregon Tax Court, the party appealing "must be aggrieved by and affected by an act, omission, order or determination of * * * [a] county assessor or other county *Page 3 
official * * *." ORS 305.275(1)(a)(C). Plaintiffs in this case are not aggrieved for tax years prior to 2009-10 because they never requested special assessment and, therefore, were never denied. It is the act of denial that renders a taxpayer "aggrieved" and entitled to appeal. See
OAR 150-308A.062(3) (providing that "[a]n appeal from a decision of theassessor concerning qualification for special assessment under ORS Ch308A is made directly to the Magistrate Division of the Tax Court." (Emphasis added.)
 III. CONCLUSION
The court concludes that Plaintiffs are not aggrieved because they have not appealed from an act of Defendant for tax years 1994-95 through 2008-09, and the court therefore lacks jurisdiction. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.
Dated this ___ day of February 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 19,2010. The court filed and entered the document on February 19, 2010.
[1] Although the Complaint indicates that Plaintiffs are appealing "1994 — 2009," tax years in Oregon are fiscal years beginning each year on July 1 and ending the following year on June 30. ORS 308.007. The court assumes Plaintiffs' reference to 1994 is intended to mean the 1994-95 tax year. Additionally, because Defendant granted special assessment for tax year 2009-10, the court assumes that the last year under appeal is 2008-09.
[2] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2007.